Sevier *adm'r. et al. v.* Haskell, *adm'r.*

Constitutional Law—*Contracts for sale of slaves.*—Section 14, article 15, of the present Constitution, relating to contracts for the sale or purchase of slaves, is repugnant to section 10, article 1, of the National Constitution, relating to the obligation of contracts and is therefore *unconstitutional* and *void.*

*Appeal from Arkansas Circuit Court.*

Hon. H. B. Morse, Circuit Judge.

*Watkins & Rose, Garland & Nash,* for appellants.

*Clark & Williams, Bell & Carlton* and *J. W. Martin,* for appellee.

Wilshire, C. J.

This suit was originally instituted in the Arkansas county circuit court, sitting in chancery, by L. C. Haskell, as administrator of the estate of Augustus M. Smith, deceased, against Ambrose H. Sevier, as administrator of John A. Jordan, deceased, and the heirs at law of said Jordan, the purpose of which was to foreclose a mortgage executed by Jordan to Smith, in the lifetime of both.

The cause was brought to a hearing in the circuit court; upon consideration of which a decree was rendered dismissing the bill and for costs, from which the complainant appealed.

Upon that appeal, this court reversed the decree of the court below, and remanded the cause with instructions to render a decree in favor of the complainant, in accordance with the prayer of his bill, etc.

At the November term, 1868, of the court below, Haskell filed the mandate of this court. Thereupon the present appellants presented their separate petitions, showing to the circuit court that since the decision in this cause, by this court, upon

the former appeal, the present Constitution of the State had been adopted and ratified, which ordained that "all contracts for the sale or purchase of slaves, are null and void, and no court of this State should take cognizance of any suit founded on such contracts; nor shall any amount ever be collected or recovered on any judgment or decree which shall have been, or which hereafter may be, rendered on account of any such contract or obligation, on any pretext, legal or otherwise." The petitioners prayed that further proceedings in the case be stayed, and perpetually superseded, and that the circuit court take no further cognizance of the suit, etc.

The court below refused to grant the prayer of the petition, and rendered a decree in favor of the complainant against Sevier, as administrator, etc., for the sum of $84,000, and the further decree, that the mortgage be foreclosed against each and all of the defendants, etc.

To the ruling of the circuit court, in the overruling and refusing to grant the prayer of the appellants' petition, they excepted and appealed to this court.

The only error complained of by the appellants, on this appeal, is the ruling of the circuit court, refusing to grant the prayer of their petition. No other question is raised by the proceedings, subsequent to the filing of the mandate of this court. All questions raised prior to that time, were decided when this case was here before, and are, so far as this case is concerned, settled. See *C. G. Scott, executors, v. Eaton & Betterton,* decided at the present term, and cases there cited.

The only question demanding our attention, is that raised by the appellants' petition. This court, in the case of *Jacoway v. Denton, 25 Ark., 625,* held that section 14, article 15, of the present Constitution, relating to contracts for the sale or purchase of slaves, is repugnant to section 10, article 1, of the national Constitution, relating to the obligation of contracts, and is, therefore, unconstitutional and void.

That provision of our present State Constitution, being the only ground relied on by the appellants for the granting of the

stay of further proceedings, and a perpetual *supersedeas* in the court below, we think, under the ruling in *Jacoway v. Denton*, the circuit court did not err in refusing to grant the prayer of the appellants' petition.

The judgment and decree of the court below is, in all things, affirmed with costs.