DANAHER v. SOUTHWESTERN TELEGRAPH & TELEPHONE
COMPANY.

Opinion delivered March 28, 1910.

1.  TELEPHONE COMPANIES—DUTY TO PUBLIC.—Under Kirby's Digest, §
    7948, providing that "every telephone company doing business in this
    State and engaged in a general telephone business shall supply all
    applicants for telephone connection and facilities without discrimina-
    tion or partiality; provided such applicants comply or offer to com-
    ply with the reasonable regulations of the company," etc., a tele-
    phone company, being a public servant, cannot refuse to serve any
    one who offers to pay its rates and comply with its reasonable rules
    and regulations.  (Page 536.)

2.  SAME—REASONABLENESS OF RULE.—A telephone company cannot refuse
    to furnish telephone connection to one until he pays a debt contracted
    for services rendered in the past.   (Page 537.)

3.  SAME—TENDER OF RENTAL OF TELEPHONE.—A tender or payment to the
    telephone company of its rate or charge for service or rent of a tele-
    phone for any particular length of time and an offer to comply with
    its reasonable rules and regulations would entitle the applicant to such
    service or rent.  (Page 538.)

Appeal from Pulaski Circuit Court, First Division; *Robert
J. Lea,* Judge; reversed.

*J. E. Williams, Austin & Danaher* and *Palmer Danaher,* for
appellant.

The case should have been submitted to the jury. 81 Ark.
486. A telephone company will not be permitted to make illegal
discriminations between patrons. 76 Ark. 124; 21 L. R. A.
639; 36 L. R. A. 535; 51 L. R. A. 744; 14 L. R. A. 424; 32
L. R. A. 697. Defendant had no right to refuse service to force
settlement of a disputed account. 85 Am. St. R. 882; 39 S. E. 257;
6 Wis. 539; 17 Neb. 126; 52 Am. Rep. 404; 8 Am. & Eng. Corp.
Cas. 1; 29 L. R. A. 376; 64 N. W. 711; 41 S. W. 1058; 29 N. E.
97; 32 Atl. 906.

*Walter J. Terry,* for appellee.

The statute under which this action is brought is uncertain,
and therefore void as to all discriminations except those specifically
designated in the statute. 52 Fed. 917; 1 L. R. A. 744; 59 Am. St.
457; 45 Ark. 158. The rule of the company was a reasonable
one. 59 N. E. 327; 104 Ind. 130; 2 N. E. 201; 41 S. W. 1060; 44

N. Y. S. 879; 133 N. Y. 435; 47 N. E. 905. The penalty should not be imposed. 160 Fed. 316; 106 N. Y. S. 53. Appellant, being in arrears with rents, was not entitled to service. 118 N. W. 1068.

*J. E. Williams, Austin & Danaher,* and *Palmer Danaher,* in reply.

The penal statute relied on in this case is not void for uncertainty. 149 Ill. 361; 41 Am. St. 283. The court must determine what is reasonable. 125 U. S. 680; 94 U. S. 155; *Id.* 113; 143 U. S. 517; 116 U. S. 307.

BATTLE, J. Adelia P. Danaher brought this action against the Southwestern Telegraph & Telephone Company to recover the statutory penalty for discrimination against the plaintiff by refusing to furnish her telephone service for a period of forty days. Plaintiff alleged in her complaint that she is, "and for many years has been, a subscriber to the defendant's telephone exchange in Little Rock, and as such had a telephone instrument in her residence, furnished by defendant, and was at all times upon her call furnished with connections to all other telephones in said exchange until March 30, 1908, when the defendant disconnected said telephone and arbitrarily refused to permit plaintiff to use same, continuing so to refuse her service until the 8th day of May, 1908, when it again connected her telephone with its exexchange; that plaintiff paid defendant the rent upon said telephone for said months of March, April and May, 1908, and fully complied with all of defendant's rules and regulations; that defendant refused to permit plaintiff to use said telephone during all of said time from March 30, 1908, to May 8, 1908, both days included, and refused on each and all of said dates to answer any call made by plaintiff through said telephone or to call plaintiff at the request of any other subscriber asking for connection with said telephone. That, by virtue of the statutes of this State, it is made the duty of defendant to furnish all applicants telephone connections, service and facilities without discrimination or partiality, provided such applicants comply with all of defendant's reasonable rules and regulations; that the defendant discriminated against plaintiff each day of said period of forty days in this, that other persons who were subscribers to said telephone exchange were permitted to use their telephone at their residences and were given connections through

said exchange, provided they paid to defendant the rental price for such telephones and service, as plaintiff did, and that such other subscribers were permitted to have connection with the telephones of other subscribers in the city of Little Rock and elsewhere for the purpose of transmitting messages and communicating through said telephones to all persons having telephones upon their payment of an amount of money equal to that paid by plaintiff for like service during said period, while during the above mentioned period, and on each and every day thereof, the defendant refused to allow plaintiff to use her telephone and kept it disconnected from its switchboard, so that no call made by plaintiff was received at the exchange of defendant, and defendant during all of said time refused to connect plaintiff's telephone with that of any other subscriber; that during all of said time defendant furnished to other subscribers in like situation such service and connections. That by reason of such discrimination defendant has subjected itself to a penalty of one hundred dollars for each and every day during said period. And plaintiff prayed judgment for $4,000.

Defendant answered, denying all the material allegations of the complaint, and stated that on March 13, 1908, plaintiff paid the defendant $2, for which it receipted her, and at that time and on several prior occasions it notified her that there was a balance of $4 due defendant from plaintiff for two months prior telephone rentals; that plaintiff denied this indebtedness, claimed to have receipts covering it, and promised from time to time to produce them, but failed and refused to do so; that one of its rules is to refuse telephone service to such persons as neglect or refuse to pay their telephone rentals for preceding months; that this rule is reasonable and necessary, and was known to plaintiff, and was part of a contract existing between her and defendant; that on March 20 it notified plaintiff that she was indebted to it for two months' rental, amounting to $4, and that if same was not paid on March 30, 1908, her telephone service would be discontinued; that on March 30, 1908, plaintiff was again reminded of her delinquency, and again notified that if the bill was not paid her service would be discontinued; that she failed and refused to make payment of such past due rentals, and for that reason service was refused her."

Mrs. Danaher, the plaintiff, testified that she resides in Little Rock, and has been a subscriber of the defendant for a number of years, and that she was a subscriber during the months of March, April and May, 1908, and had a telephone in her residence; that she paid to the telephone company its regular charges for her telephone for every month since she first had the telephone, and that she paid the charges for March, April and May, 1908; that the defendant, claiming that she was indebted to it in the sum of four dollars for services rendered in some month in the past and she claiming that she had paid it and refusing to pay it again, discontinued her telephone service on the 30th day of March, 1908, in the afternoon, until May 8, 1908, about two o'clock in the afternoon, when it was resumed; and during all that time her neighbors were furnished with telephone service. Other evidence was adduced by both parties. The court instructed the jury trying the issues in the case to return a verdict in favor of the defendant, which they did, and judgment was rendered accordingly, and plaintiff appealed.

The telephone company, in devoting its property to a use in which the public has an interest, becomes a public servant, and is bound to serve the public impartially. It is like common carriers in that it is bound to serve those applying to it impartially and upon equal terms.

In *State* v. *Nebraska Telephone Co.,* in 17 Neb. 126, the court said: "That the telephone, by the necessities of commerce and public use, has become a public servant, a factor in the commerce of the nation, and of a great part of the civilized world, cannot be questioned. It is, to all intents and purposes, a part of the telegraphic system of the country, and, in so far as it has been introduced for public use and has been undertaken by the respondent, so far should the respondent be held to the same obligation as the telegraph and other public servants. It has assumed the responsibilities of a common carrier of news. Its wires and poles line our public streets and thoroughfares. It has, and must be held to have, taken its place by the side of the telegraph as such common carrier."

In *Chesapeake, etc., Telephone Co.* v. *Baltimore, etc., Co.,* 66 Md. 399, it is said: "The appellant (the telephone company)

is in- the exercise of a public employment, and has assumed the
duty of serving the public while in that employment.  *  *  *
The telegraph and telephone are important instruments of com-
merce, and their services as such have become indispensable to
the commercial and business public.  They are public vehicles
of intelligence, and they who own and control them can no
more refuse to perform impartially the functions that they have
assumed to discharge than a railroad company, as a common
carrier, can rightfully refuse to perform its duty to the public.
They may make and establish all reasonable and proper rules
and regulations for the government of their offices and those
who deal with them, but they have no power to discriminate,
and, while offering (themselves as) ready to serve some, refuse
to serve others.  The law requires them to be impartial and to
serve all alike, upon compliance with their reasonable rules and
regulations."

Section 7948 of Kirby's Digest provides:  "Every tele-
phone company doing business in this State and engaged in a
general telephone business shall supply all applicants for tele-
phone connection and facilities without discrimination or par-
tiality; provided, such applicants comply or offer to comply with
the reasonable regulations of the company, and no such company
shall impose any condition or restriction upon any such appli-
cant that are not imposed impartially upon all persons or com-
panies in like situation; nor shall such company discriminate
against any individual or company engaged in lawful business
by requiring as condition for furnishing such facilities that they
shall not be used in the business of the applicant, or otherwise,
under penalty of one hundred dollars for each day such company
continues such discrimination, and refuses such facilities after
compliance or offer to comply with the reasonable regulations
and time to furnish the same has elapsed, to be recovered by
the applicant whose application is so neglected or refused."

A telephone company, being a public servant, cannot refuse
to serve any one of the public in that capacity in which it has
undertaken to serve the public when such one offers to pay its
rates and comply with its reasonable rules and regulations.
It cannot refuse to serve him until he pays a debt contracted for
services rendered in the past.  For the present services it has

a right to demand no more than the rate of charge fixed for such services. It transcended its duty to the public when it demanded more. *State* v. *Citizens' Telephone Co.,* 85 Am. St. 870; *State* v. *Nebraska Telephone Co.,* 17 Neb. 126; *State* v. *Kinloch Telephone Co.,* 93 Mo. App. 349; Jones on Telegraph and Telephone Companies, § 251, and cases cited.

A tender or payment to the telephone company of its rate or charge for service or rent of telephone for any particular time and offer to comply with its reasonable rules and regulations would entitle the applicant to such service or rent. Should the telephone company incur a penalty by refusing to rent or render such service, it could prevent the increase thereof by renting or offering to rent the telephone or rendering or offering to render the applicant such service.

The evidence adduced by the plaintiff was sufficient to entitle her to a submission of the issues in the case to the jury for a verdict. The court erred in instructing the jury to return a verdict for the defendant.

Reverse and remand for a new trial.