DANAHER *v.* THE SOUTHWESTERN TELEGRAPH & TELE-
PHONE CO.

## Opinion delivered February 3, 1919.

1. APPEAL AND ERROR—LAW OF CASE.—Where the issues and facts on a third appeal were the same as they were on the last of the former appeals, the decision of the Supreme Court of the United States reversing the decision of the Supreme Court of Arkansas on such second appeal, would be the law of the case.

2. SAME—SUBSEQUENT PROCEEDINGS.—Where a cause is a second time before the Supreme Court, nothing will be regarded except proceedings subsequent to the time of its being sent down.

3. SAME—QUESTION FOR DETERMINATION.—Where, upon a new trial after a cause was remanded pursuant to the mandate of the Supreme Court of the United States, defendant filed a demurrer to the complaint which was sustained, whereupon plaintiff rested and judgment was entered dismissing the complaint, from which plaintiff appealed, the only issue for determination of the Supreme Court is whether the complaint states a cause of action.

4. TELEGRAPHS AND TELEPHONES — DISCRIMINATION — COMPLAINT.— A complaint for discrimination in telephone service which alleged that plaintiff had complied with all the telephone company's reasonable rules, and that the company had denied service to her while it supplied service to others on the same terms and under like conditions' showed arbitrary discrimination against her by showing partiality to other patrons.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; reversed.

*T. S. Buzbee, W. S. Danaher, M. Danaher* and *Palmer Danaher,* for appellant.

The court erred in sustaining the demurrer and refusing a new trial. The law of this is settled and the statute is not unconstitutional. Arbitrary discrimination was proven and appellant had paid all dues for service and complied with all the rules and regulations. 94 Ark. 533; 102 *Id.* 547; 238 U. S. 482. The complaint stated a cause of action and this court has twice held that the statute is not unconstitutional. 93 Ark. 11. See also 64 Ark. 650; 7 Ark. 405; *Ib.* 542; 10 *Id.* 186; 26 *Id.* 17; *Ib.* 133.

*Walter J. Terry,* for appellee; *D. A. Frank,* of counsel.

This court has said the statute was unconstitutional, the regulations being unreasonable. 102 Ark. 547; 45 Pac. 700. The law is settled and binds this court. 63 N. W. 953; 118 Fed. 557; 55 C. C. A. 323; 117 Ind. 26; 110 Pac. 226; 102 *Id.* 635; 73 N. E. 1098; 107 Pac. 699; 238 U. S. 1409 (Lawy. Ed.); 19 U. S. (Lawy. Ed.) 224. The statute is arbitrary, oppressive and unreasonable as held by this court and the U. S. Supreme Court. *Supra.* See also 52 U. S. (L. Ed.) 108; 123 Tenn. 318; 130 S. W. 1050; 141 *Id.* 845; 154 *Id.* 531. The question of indebtedness is immaterial as the statute is held to be unreasonable. The demurrer should be sustained and the cause dismissed.

WOOD, J.   On May 30, 1908, the appellant sued the appellee alleging in substance; that the appellee operated a telephone exchange in the city of Little Rock for the purpose of supplying its residents with telephone connections and facilities; that she had been a subscriber for service by appellee for a number of years, and during which time she had a telephone in her residence connected with appellee's exchange; that the appellee had refused to allow appellant to use her telephone during the months of March, April, and May, notwithstanding the fact that appellant had actually paid the rental charges for the use of such phone for those months; that appellee discriminated against appellant and showed partiality to other subscribers over the appellant by permitting them to use the telephones at their residences and giving them connections through appellee's telephone exchange that they denied appellant; that other subscribers to appellee's exchange in Little Rock were permitted to use their telephones provided they paid to appellee on or before the fifteenth day of each month the rental price of $2.25 per month; that appellant offered to pay this amount to the appellee before the fifteenth day of April, but the appellee refused to accept and forced the appellant to pay the sum of $2.75 for rental, and notwithstanding that fact it re-

fused to serve her at all during the month of April, 1908; that before the fifteenth day of May, 1908, she offered to pay appellee $2.25 as such rental for the use of her telephone but appellee refused to accept the amount and forced her to pay $2.75 for that month and then refused to give her service during the first eight days of that month, notwithstanding that she had paid a greater amount than was demanded of other subscribers.

Appellant alleged, that by virtue of the statutes of this State, it was the duty of appellee to furnish all applicants telephone connections, service, and facilities without discrimination or partiality, provided such applicants complied with appellee's reasonable rules and regulations, which appellant did.

The above are substantially the facts alleged in the appellant's original complaint and the amended complaint. In the original complaint she set up that the discrimination had lasted for forty days and had subjected the appellee to a penalty under the law of $100 a day, for which she prayed judgment. In her amended complaint she set up that appellee had discriminated against her twenty-three days, subjecting itself to an additional penalty of $2,300 for which she also prayed.

The appellee demurred, in short, to the allegations in the complaint and the amended complaint, which demurrer was sustained, and appellant duly prosecutes this appeal.

This is the third appeal in this case. At the first trial the court instructed the jury to return a verdict in favor of the telephone compnay and that judgment was reversed by this court. *Danaher v. Southwestern Tel. & Tel. Co.*, 94 Ark. 533.

On the second trial judgment was rendered in favor of Mrs. Danaher, the appellant here, and that case was appealed and that judgment was affirmed. *Southwestern Tel. & Tel. Co. v. Danaher*, 102 Ark. 547.

Appellee appealed to the Supreme Court of the United States and that court reversed the judgment of

this court.  *Southwestern Tel. & Tel. Co.* v. *Danaher,* 230 U. S. 482.

Upon filing of the mandate of the Supreme Court of the United States in this court, this court rendered its judgment and remanded the case to the circuit court for a new trial.  In the circuit court the cause was heard upon a demurrer to the complaint, which being overruled this appeal was duly prosecuted.

On the former trials of this cause on the merits, it developed that the controversy grew out of the refusal of the appellee to give appellant telephone service after the 30th of March, 1908, for the reason that the appellee claimed that appellant owed it for telephone service, theretofore rendered, which claim the appellant denied.

The law applicable to the facts on the former appeals was announced as follows: "A telephone company, being a public servant, can not refuse to serve any one of the public in that capacity in which it has undertaken to serve the public when such one offers to pay its rates and comply with its reasonable rules and regulations.  It can not refuse to serve him until he pays a debt contracted for services rendered in the past.  For the present services, it has a right to demand no more than the rate of charge fixed for such services.  It transcended its duty to the public when it demanded more.

A tender of, or payment to the telephone company of its rate or charge for service or rent of telephone for any particular time and offer to comply with its reasonable rules and regulations would entitle the applicant to such service or rent.  Should the telephone company incur a penalty by refusing to rent or render such service it could prevent the increase thereof by rendering or offering to render the applicants such service."  See *Danaher* v. *Southwestern Tel. & Tel. Co., supra; Southwestern Tel. & Tel. Co.* v. *Danaher, supra.*

The defendant below, appellee here, in the above cases, offered to prove that appellee disconnected appellant's telephone because she had refused to pay for two months prior services; that appellant asked a discount of

fifty cents on the arrears, which request the appellee refused to grant and appellant then refused to pay for the two months arrears preceding; that appellant had frequently been requested to pay the rentals for the two months that she was in arrears and that she knew that the telephone would be disconnected if the payment was not made; that the regulations requiring the payment of past rentals as a condition of present service had been in force for several years and had been applied to all delinquent patrons, without partiality or discrimination; that appellant was refused the discount and denied the use of the telephone only for the reason that she was delinquent in the payment of the rentals.

The above testimony offered on behalf of the appellee company, on the last of the former trials, the trial court excluded and the company excepted to the ruling.

Appellant had requested the court to give the following instruction: "If you find from the evidence that the defendant enforced against plaintiff the same rule and regulation that he enforced against all others in like situations with the plaintiff the verdict will be for the defendant."

The court refused the above prayer and instructed the jury instead that "if the defendant refused plaintiff services because she had not paid a debt contracted for past services that the verdict should be for the plaintiff." The appellee company duly excepted to the ruling of the court for giving and refusing instructions.

It was upon such a state of record that this court in *Southwestern Tel. & Tel. Co.* v. *Danaher*, 102 Ark. *supra*, affirmed the judgment of the lower court. On writ of error to the Supreme Court of the United States that court reversed the judgment of this court and concluded its opinion as follows: "If it be assumed that the State Legislature could have declared such a regulation unreasonable, the fact remains that it did not do so, but left the matter where the company was well justified in regarding the regulation as reasonable and in acting on that belief. And if it be assumed that the company should

have known that the Supreme Court of the State in the exercise of its judicial power might hold the regulation unreasonable, even though the prevailing view elsewhere was otherwise, the question remains whether, in the circumstances, penalties aggregating $6,300 could be imposed without departing from the fundamental principles of justice embraced in the recognized conception of due process of law. In our opinion the question must be answered in the negative. There was no intentional wrongdoing; no departure from any prescribed or known standard of action, and no reckless conduct. Some regulation establishing a mode of inducing prompt payment of the monthly rentals was necessary. It is not as if the company had been free to act or not as it chose. It was engaged in a public service which could not be neglected. The protection of its own revenues and justice to its paying patrons required that something be done. It acted by adopting the regulation and then impartially enforcing it. There was no mode of judicially testing the regulation's reasonableness in advance of acting under it, and, as we have seen, it had the support of repeated adjudications in other jurisdictions. In these circumstances to inflict upon the company penalties aggregating $6,300 was so plainly arbitrary and oppressive as to be nothing short of a taking of its property without due process of law." 238 U. S. 490.

In *U. S. Annuity & Life Ins. Co.* v. *Peak,* 129 Ark. 43, we announced the familiar rule of law of the case which briefly stated is that where a case has been tried in the lower court and on appeal to this court has been reversed and remanded for a new trial, if the issues on the second or last trial are precisely the same as they were on the trial from which the appeal was taken and if the testimony is the same or substantially the same, then what this court said in reversing the judgment appealed from would be the law of the case under present review and could not be changed even though this court were convinced that the decision on the former appeal was erroneous.

Quoting from *Hartford Fire Ins. Co.* v. *Enoch,* 79 Ark. 475, we said: "When on an appeal or writ of error the cause is reversed and remanded for a new trial, the cause stands as if no action had been taken by the lower court. If the facts developed on the second trial remain the same as they were on the first trial, the lower court must be governed in applying the law to the facts by the principles announced by this court in that case as controlling. If the facts are different, then the lower court may apply a different rule of law."

Therefore, if the issues and facts on this appeal were the same as they were on the last of the former appeals, under the familiar rule of law of the case, the decision of the Supreme Court of the United States would be the law of the case on this appeal. *Lytle et al.* v. *State,* 17 Ark. 608. See also other cases collated in 1 Crawford's Digest, p. 370 K, "Subsequent Appeals," secs. 404-405. And if such were the case, we should be compelled to hold the statute under which this suit was brought (Act of March 31, 1885, p. 176) could not be enforced against appellee because to do so, in the language of the opinion of the Supreme Court of the United States, would be "so plainly arbitrary and oppressive as to be nothing short of a taking of its property without due process of law." But the facts of the present record are entirely different from those on the two former appeals. Hence the decision of the Supreme Court of the United States, *supra,* is not the law of the case on the present appeal.

"Where a cause is a second time before this court, nothing will be regarded except the proceedings had subsequent to the time of its being sent down." 2nd Syll. *Rutherford use Cullen* v. *Lafferty,* 7 Ark. 402; *Walker and Faulkner* v. *State,* 7 Ark. 542; *Porter* v. *Doe,* 10 Ark. 187; *Scott* v. *Eaton, Betterton & Co.,* 26 Ark. 17; *Severe* v. *Haskell,* 26 Ark. 133.

On the last appeal of this cause to this court in pursuance of the mandate of the Supreme Court of the United States, the cause was reversed and remanded to the circuit court "for a new trial and for further pro-

ceedings according to law and not inconsistent with the opinion of the ,Supreme Court of the United States." After the cause was sent down to the lower court the appellee, as already stated, filed its demurrer to the complaint, which demurrer was sustained. And appellant resting on his complaint and amended complaint, judgment was entered dismissing the same and this appeal followed. The only issue, therefore, for our. determination, as whether or not the complaint stated a cause of action.

The facts are well pleaded and, if true, they show that the appellant had complied with all appellee's reasonable rules and regulations. They show that appellee denied to appellant service through its Little Rock exchange while, upon precisely upon the same terms and and under like conditions, it supplied service to others. Thus the complaint showed arbitrary discrimination against the appellant by showing partiality to its other patrons.

No answer was filed to the complaint and what the defense of the appellee may be to the cause of action, we are not authorized to consider.

Neither this court nor the Supreme Court of the United States has yet declared the statute unconstitutional upon the state of facts alleged in the complaint, the truth of which the demurrer admits.

Therefore, the court erred in sustaining the demurrer and for this error the judgment is reversed and the cause remanded with directions to overrule the demurrer.