DUBARD *v.* NEVIN.

Opinion delivered November 26, 1928.

*J. G. Waskom,* for appellant.

*Ogan & Shaver,* for appellee.

HART, C. J., (after stating the facts). The judgment of the circuit court was correct. Payment of the warrants was refused by the county treasurer on the ground that the bank, which had them for collection, held them for three days without presenting them, and that this was an unreasonable time, and resulted in loss to the county treasurer because the bank became insolvent; for, if the warrant had been presented in time, he had on deposit in the bank a sum more than sufficient to pay the warrants. This was no defense. The school warrants were orders upon the county treasurer to pay out of the school funds in his hands the amounts specified; and, although the warrants are negotiable in form and transferable by delivery, they are not negotiable instruments in the sense of the law merchant. *First National Bank of Waldron v. Wisenhunt,* 94 Ark. 583, 127 S. W. 968; and *Vale v. Buchanan,* 98 Ark. 299, 135 S. W. 848. Hence the rule in regard to the presentation of negotiable paper is not applicable. Our statute did not require the warrants to be presented within any particular period of time, and there was no reason why the county treasurer should not have paid them when they were presented by the State Bank Commissioner. The affairs of the insolvent bank had been turned over to him for liquidation under the statute, and he had a right to collect the warrants.

Again, it is insisted that the writ of mandamus should not be issued against the county treasurer in this case because the officers of the bank did not present the warrants to the treasurer for payment during the first three days they were in the hands of the bank for collec-

tion, for the reason that the officers of the bank knew that the treasurer would pay the warrants out of the funds on hand in the bank belonging to him as county treasurer, and that this might result in hastening the insolvency of the bank, which the officers, at the time, were trying to prevent. Even if this were true, it would not defeat this action. The holders of the warrants were not guilty of any improper conduct whatever. In good faith they sent the warrants to the bank for collection, without any qualifications or restrictions of any kind as to the time within which they should be presented for payment. The holders of the warrants could not be held liable in any sense for any misconduct of their collecting agent in withholding the warrants during the three days in question. The holders could in no sense be held parties to any wrongful or illegal act of their agent in the premises.

Therefore the judgment of the circuit court, directing the issuance of the writ of mandamus to the county treasurer to pay the warrants, was correct, and it will be affirmed.