SCHOOL DISTRICT No. 28 v. E. H. STAFFORD TRUST.

4-2879

Opinion delivered February 27, 1933.

*Cunningham & Cunningham*, for appellant.

*Moore, Gray & Burrow* and *G. M. Gibson*, for appellee.

MEHAFFY, J. The appellant, School District No. 28 of Lawrence County, purchased from Charles A. Wood, doing business as Wood School Supply Company, certain school furniture. Wood ordered the school furniture from the E. H. Stafford Manufacturing Company in Chicago, whose business was manufacturing school furniture.

On April 3, 1928, the school district issued its warrant, payable to Wood School Supply Company, for $655,

the purchase price of the furniture. On April 23, 1928, the warrant was indorsed by Wood and delivered to the E. H. Stafford Manufacturing Company.

On May 8, 1928, the warrant was presented for payment to the county treasurer of Lawrence County, and was not paid because the treasurer did not have sufficient funds on hand at the time it was presented, and the warrant was registered by the treasurer as No. 1.

On May 9, 1928, the E. H. Stafford Manufacturing Company sold the warrant to the E. H. Stafford Trust, a common-law trust. The warrant was duly indorsed to the order of E. H. Stafford Trust by E. H. Stafford Manufacturing Company.

The warrant was presented to the treasurer for payment at intervals, but it was never paid. There were many occasions, however, when there were sufficient funds in the treasury to the credit of the district for the payment of the warrant. The warrant was at all times, after the transfer by the manufacturing company, in the possession of the E. H. Stafford Trust.

On December 28, 1928, Wood, who had sold the warrant to the E. H. Stafford Manufacturing Company, represented to the school district and the county treasurer that he was still the owner of the warrant, and requested that a new warrant be issued for the amount with interest, stating that, if this were done, he would procure the old warrant, the one dated April 3, 1928, and return it to them. He gave a receipt to this effect.

At the time the new warrant was issued in December, 1928, Wood was not the owner of the warrant, but had sold and transferred it to the E. H. Stafford Manufacturing Company, who had in turn sold and transferred it to E. H. Stafford Trust.

Wood did not have possession of the warrant issued on April 3d at the time the new warrant was issued for $698.67, the amount of the original warrant with interest, and this last warrant was issued without any consideration, Wood simply agreeing that he would get possession of the original warrant and deliver it to the treasurer.

The warrant issued December 28, 1928, was registered on the same day it was issued, as warrant No. 4, and was paid to J. M. Whitlow, to whom Wood had transferred it.

On August 29, 1930, E. H. Stafford Trust and E. H. Stafford, Mrs. Florence Stafford and Russell Stafford, trustees of the E. H. Stafford Trust, filed suit in the Lawrence Chancery Court against School District No. 28 of Lawrence County, Arkansas, W. Phillips, Arthur Jones and Jess Blackshear, directors of School District No. 28; Charles A. Wood, doing business under the trade name of Wood School Supply Company; C. W. Webb, treasurer of Lawrence County, Arkansas, and the American Surety Company of New York.

Pleadings were filed by the parties, and the court found and decreed that the appellees were the owners and holders, in due course of business, for a valuable consideration of the school warrant issued on April 3, 1928, the warrant sued on here, and that the warrant was payable out of the general school fund of School District No. 28; that the warrant was issued to Wood School Supply Company, which was the trade name of Charles A. Wood, for school furniture, and for value and in due course transferred by Wood School Supply Company to E. H. Stafford Manufacturng Company, and by it for value, and in due course of business, transferred and delivered to E. H. Stafford Trust, the appellee.

The court further found that on May 8, 1928, said warrant was duly presented to C. W. Webb, county treasurer, and by him registered as warrant No. 1; that from the date of the registration of the warrant up until September 13, 1930, when suit was filed, payment of said school warrant was continuously demanded by appellees, and that, although there was sufficient funds on hand with the treasurer to pay said warrant, payment was by the treasurer refused, although payment was due as the first and prior claim out of the funds of said district, in the hands of the county treasurer, and should have been paid; that on or about December 28, 1928, Charles A. Wood,

having theretofore transferred, delivered and assigned said warrant and not being the owner thereof, fraudulently procured the school district through its directors, and Webb, the treasurer, to mark the warrant canceled of date April 3, 1928, and to mark "canceled" upon the register of school warrants, the record of the registration of said warrant, all of which was without the knowledge, authority or consent of appellees, who were then the owners and holders of said warrant; that this action and conduct on their part was fraudulent, unlawful, void and of no effect, and did not in any way affect the validity of the warrant or appellees' right to payment.

The court also held that the warrant should be reformed and corrected so as to show registration as warrant No. 1 under the date of May 8, 1928, and that all marks, erasures or cancellations and all notations relative to the cancellation should be in all respects canceled and held for naught, and entered judgment against Wood, Webb and American Surety Company of New York in the sum of $655, the amount of the warrant.

The court further held that O. T. Massey, the present treasurer, should pay the amount of said warrant out of any funds in his hands, or that hereafter come into his hands, belonging to said district, and issued mandamus directed to said treasurer, requiring him to make such payment.

The appellant contends for a reversal of the case, first, because he says the school warrant was not a negotiable instrument, and that there could therefore be no innocent holder.

The only case cited and relied on by appellants is the case of *First National Bank of Waldron* v. *Whisenhunt*, 94 Ark. 583, 127 S. W. 963. The court in that case held that the directors were without power to make a valid contract for the purchase of charts, and the warrant, having been given in payment of that, was void. In other words, when a school district gives a warrant or order in payment of a thing they had no power to purchase, the warrant is void, and also, if it is void as beyond scope of their

powers, it could not be ratified. The court further held that the warrants of school districts are not negotiable instruments in the sense of the law merchant, and that there could therefore be no innocent holder of a school warrant issued without power or contrary to law.

This question is not involved in the instant case. The school district had the power to purchase the school supplies, and to issue its warrant to pay for them.

The directors were expressly authorized by law to purchase supplies of the kind purchased by the appellant, for the district, and, since it had the authority to purchase the supplies, did purchase them, and gave the warrant signed by the directors in payment therefor, the warrant issued in payment for such supplies, is a valid obligation of the district.

This court, in discussing school warrants, said: "The school warrants were orders upon the county treasurer to pay out of the school funds in his hands the amounts specified; and, although the warrants are negotiable in form, and transferable by delivery, they are not negotiable instruments in the sense of the law merchant." *Dubard* v. *Nevin*, 178 Ark. 436, 10 S. W. (2d) 875.

In the above case it was insisted that the writ of mandamus should not be issued against the county treasurer because the officers of the bank did not present the warrants to the treasurer for payment during the first three days they were in the hands of the bank for collection, for the reason that the officers of the bank knew that the treasurer would pay the warrants, and that this might result in hastening the insolvency of the bank, but it was held that, if this were true, it would not defeat the action. The holders of the warrants had, in good faith, sent them to the bank for collection; they could not be held liable in any sense for misconduct of their collecting agent.

School warrants do not have to be presented for collection like a check drawn on a bank. They are orders drawn on the county treasurer to pay out of the school

funds, and the warrant in the instant case was registered according to law, and the undisputed proof shows that, after it had been issued and delivered to the present holders, there were ample funds in the treasury belonging to the district to pay it.

There is no dispute about the purchase of the school supplies and the issuance of the warrant, and it therefore is immaterial whether the warrant was negotiable or not. The school supplies were purchased, received by the district and have not been paid for. This being true, the fact that the warrant was payable on demand, and therefore past due when it was transferred, would not deprive the holders of the warrant of the right to collect same from funds in the treasury belonging to the district.

Long after the supplies had been purchased, and after the warrant involved in this suit had been acquired by the appellees, Wood went to the directors of the district and told them that the warrant had been misplaced and got them to issue another warrant for the amount and interest, although the evidence shows that the warrant was at the time in the possession of appellees, had been sold by Mr. Wood, and he knew it had not been misplaced.

The directors, without the return of warrant No. 1, issued another warrant to Wood, and secured the cancellation of the registration of the original warrant by the treasurer, and this was done by the treasurer without the original warrant being presented, and Wood transferred this warrant to Whitlow, and it was paid to him.

The court held that the cancellation of the original warrant and the cancellation of the registration of such warrant was all without the knowledge, authority or consent of the appellees, who were then the owners and holders of said warrant, and was fraudulent, unlawful and void, and did not affect the validity of the warrant held by appellees, and that they were entitled to receive payment therefor out of the funds of the district in order of its registration as warrant No. 1; that said warrant

should be reformed and corrected, and rendered judgment against Wood, Webb and the American Surety Company of New York, and ordered O. T. Massey, the present treasurer, to pay said warrant.

The question is purely one of fact, and the chancellor's finding of facts will be upheld unless clearly against the preponderance of the testimony. *Kelly Trust Co.* v. *Paving Imp. Dist. No. 47*, 185 Ark. 397, 47 S. W. (2d) 369, *Smith* v. *Thomas*, 185 Ark. 613, 48 S. W. (2d) 561 *Jolley* v. *Meek*, 185 Ark. 393, 47 (2d) 43, *Gravette Const. Co.* v. *Gregory* 184 Ark. 1193, 42 S. W. (2d) 987, *Greer* v. *Stilwell*, 184 Ark. 1102, 44 S. W. (2d) 1082.

We do not deem it necessary to set out the evidence in detail. The finding of the chancellor is sustained by the evidence, and the decree is therefore affirmed.