TURNER *v.* WELLFORD SPECIAL CONSOLIDATED SCHOOL DISTRICT.

4-4164

Opinion delivered February 24, 1936.

*John L. Carter,* for appellant.

*W. W. Grubbs,* for appellee.

SMITH, J. Upon the reversal and remand of the case of *Merritt* v. *M. W. Elkins Inv. Co.,* 188 Ark. 166, 60 S. W. (2d) 15, two of the school warrants there involved, aggregating $1,010, issued by the Wellford School District, were assigned to W. C. Turner, who alleges in the answer filed by him in the proceeding from which this present appeal comes that he had purchased those two warrants in good faith and in reliance on the opinion of this court in the case above cited.

In that case a bond broker alleged ownership of the school warrants as compensation paid him by the school district for services performed in refunding the outstanding bonded indebtedness of the school district, amounting to $18,500. The school district had, pursuant to the authority conferred by act No. 169 of the Acts of 1931, page 476, authorized the refunding of the bonds, and

taxes had been collected for that purpose. The broker sought to require the county treasurer having custody of those taxes to pay his commission out of them by redeeming the warrants issued in payment for his services. It was ordered by the trial court that the relief prayed be granted.

It was pointed out in the former opinion that these warrants could not be paid out of the surplus of those taxes, as this would operate to give the broker's warrants a preference over other outstanding school warrants. It was there said that any surplus remaining after discharging the refunding obligations in any year should be credited to the general fund of the school district out of which these, and other warrants issued by the school district in discharge of its general obligation, should be paid in the order of their date and registration number.

That litigation between the broker and the treasurer, as custodian of the school district's funds, proceeded upon the assumption that there was no question about the validity of the warrants and the liability of the district thereon and the right of the holder thereof to collect the warrants in the order of their date and registration number. The school district itself was not a party to that proceeding and is, of course, not bound by it. After the remand of the cause the school district filed a suit to cancel these two warrants upon the ground that the consideration for them had failed, and also that their issuance had not been authorized at a legal meeting of the members of the school board. From a decree granting the relief prayed is this present appeal.

The opinion on the former appeal is conclusive of the power of school districts to pay a brokerage fee for services in connection with refunding operations in a proper case.

It was shown, at the trial from which this appeal comes, that the president of the school board was not present at the meeting of the board at which the refunding contract between the school district and the broker was made; but it was shown also that he was advised of the intention of the board to meet, and of the purpose of the meeting, and that he gave his assent in advance to

the proposed arrangement; and later signed the warrants, which completed the contract, which the school board had authorized.

The law does not require the attendance of all the members of a school board to constitute a legal meeting. It suffices if all the members are present; or that all had notice and that a majority have attended, pursuant to the notice.

The decree from which this appeal comes is not contrary to this view; but the relief prayed by the school district was granted, and the treasurer was enjoined from paying the warrants for the following reason: The contract between the school district and the broker creates the relation of principal and agent, and, in the performance of the agency, "reliance was placed upon the integrity, credit and responsibility of the contracting agent, and that such contract is one that cannot be assigned or the performance of which cannot be delegated to a third party without the consent of the principal"; and that the assignment of the warrants to the present owner is in effect an assignment of the contract of the school district, and is not binding upon it. The court found also that the bonds had not been refunded, and the district was not liable for that reason. The parties agree, as indeed they must, that, although the warrants are negotiable in form, they are not negotiable instruments in the sense of the law merchant, and they are therefore subject to any defenses in the hands of the present holder which might have been made against the person to whom they were originally issued. *Dubard* v. *Nevin*, 178 Ark. 436, 10 S. W. (2d) 875.

Now the original contract between the school district and the broker was to the following effect. A fee of 7 per cent. was to be paid for refunding outstanding bonds aggregating $18,500, which made a commission or fee of $1,295, had all the bonds been refunded. Three warrants were issued covering this fee, one for $285, which was paid, leaving a balance of $1,010 evidenced by the two warrants hereinbefore referred to. The original contract between the school district and the broker was in writing, and it was therein recited that "we agree at

the end of each year, beginning January 30, 1934, to ratio and pay to the district that proportion of the net fee that the amount of bonds unredeemed for that year bears to the total amount of bonds to be refunded." The practical meaning of this contract is that 7 per cent. was to be paid upon the bonds refunded. None of the bonds were actually refunded, and for this reason also the court declined to award the present owner of the warrants anything.

It appears, however, that, before assigning the warrants, the original broker negotiated and contracted with the owner and holder of $10,000 of the bonds for their refund; but the district declined to pay the interest thereon, as it was under the legal obligation to do, and, for that reason only, the $10,000 in bonds were not refunded.

We think it very clearly appears that the original broker had earned his fee of 7 per cent. on these bonds, amounting to $700, but he has been paid $285. The district is liable therefore only for the difference amounting to $415. The two warrants aggregating $1,010 are therefore valid obligations of the school district to the extent of $415, and they may be filed with the treasurer for payment in that amount, in the order of their date and registration number.

The decree of the court below will be reversed, and judgment rendered here for appellant conforming to this opinion.