ALBERSEN v. KLANKE.

Opinion delivered May 21, 1928.

J. E. Ray, for appellant.

Charles Q. Kelley and Taylor & Taylor, for appellee.

HART, C. J., (after stating the facts). The first ground relied upon for a reversal of the decree is that there is no prayer in the cross-complaint for damages against Charles Albersen. This was not necessary. This court is thoroughly committed to the rule that, in a complaint or cross-complaint, the statement of facts and not the prayer for relief constitutes the cause of action, and the court may grant any relief that the facts pleaded and proved may warrant. Mason v. Gates, 90 Ark. 241, 119 S. W. 70; and Baldwin v. Brown, 166 Ark. 1, 265 S. W. 976.

It is true that, in the case last cited, it was held that, where a vendor, suing to cancel a deed to his vendee for fraud, joined third persons alleged to have participated in the fraud, but asked only that her deed be canceled and for general relief, she was not entitled to a personal judgment against such third persons. The reason was that, under the issues presented in that case, the defendants against whom the personal judgment was asked were not apprised in any manner that any personal judgment would be asked against them, and that to grant

such relief was inconsistent with the relief asked in the bill.

In the case at bar the facts are essentially different. Klanke filed a cross-complaint against Albersen, and alleged specific facts which entitled him to the relief asked against Albersen. Albersen denied that he was guilty of the false representation alleged against him, and the parties specifically directed their proof to that issue. In fact, this was the only issue in the case, and the parties themselves were the principal witnesses. Hence it cannot be said that the defendant was taken by surprise, and that the relief granted by the court could not be obtained under the prayer of the cross-complaint for general relief.

Of the merits of the case but little need be said. As we have already seen, the parties to the action were the principal witnesses. Their testimony is in direct and irreconcilable conflict. According to the testimony of Fritz Klanke, Charles Albersen borrowed $2,500 from him upon representing that he would give him a first mortgage on the 160 acres of land described in the complaint. Some time after he had received the money from Klanke, Albersen gave him a quitclaim deed to the land, and Klanke accepted it, believing that he was getting a clear title to the land for the money advanced by him, instead of a first mortgage on it. It turned out that Albersen had not procured the land to be released from the mortgage to Franzen, as he had promised Klanke to do. There was a mortgage upon the land to Franzen for an amount greater than the value of the land itself. The testimony of Klanke is corroborated by that of his son, who was present when Albersen procured the money from his father. On the other hand, Albersen states in positive language that he conveyed the land to Klanke for the consideration of $2,500, which he admits he received, and the further consideration that Klanke was to assume the mortgage on the land to Franzen.

No useful purpose could be served by any further comment on the facts. The chancellor found the issue of fact in favor of Klanke, and it cannot be said in any sense that his finding is against the preponderance of the evidence. Therefore, under the settled rules of this court, the decree of the chancery court must be affirmed.