GREER *v.* STILWELL.

Opinion delivered January 11, 1932.

*Ira J. Mack* and *Culbert L. Pearce,* for appellant.
*Brundidge & Neelly,* for appellee.

MEHAFFY, J. Appellee, J. S. Stilwell and Carrie Bosley were married October 16, 1889 and lived together as husband and wife until her death on November 30, 1929.

The appellee is a dentist, and Mrs. Carrie Bosley Stilwell, wife of the appellee, had a stroke of paralysis some time in May or June, 1929. On the 2nd of June, she was taken to Trinity Hospital in Little Rock, where she remained for two weeks, and was then carried back home.

After Mrs. Stilwell's death, the appellant was appointed administrator of the estate of Mrs. Stilwell. She had no children, father or mother, and she left surviving her her husband, J. S. Stilwell, and a half-brother, T. W. Wells, two nieces and one nephew who were the children of her sister, Mrs. John Love.

It was alleged in the complaint that Mrs. Stilwell was the owner of diamonds worth $28,500 and forty shares of the capital stock of People's Bank, which was alleged to be worth $4,000, and other assets consisting of money and securities. The People's Bank was made defendant, and it was charged that appellee, Stilwell, was a director in the bank, and had access to its files and that the property mentioned in plaintiff's complaint was on deposit with and in safety deposit boxes of the bank at the time of the death of Carrie B. Stilwell.

It was further alleged that Carrie B. Stilwell for six or seven months before her death was incapable of transacting business of any kind on account of illness and disease which affected her mental powers and rendered her mentally incompetent.

The People's Bank filed separate answer denying all allegations in the complaint with reference to it, and alleged that forty shares of stock were transferred by Carrie B. Stilwell to J. S. Stilwell several months prior to her death, and that the transfer was made in the usual way.

J. S. Stilwell filed separate answer denying that Carrie B. Stilwell at the time of her death was the owner of the diamond rings and jewelry described in the complaint. He denied that she was the owner of the forty shares of capital stock of People's Bank and other assets consisting of money, etc. He also denied that he was

wrongfully claiming any of her property, and denied all the material allegations in the complaint.

The court found in favor of the People's Bank and from this finding there is no appeal. The court also found that J. S. Stilwell was the owner of the forty shares of capital stock of the People's Bank and the proceeds of the bank's check of $100 issued by it to Carrie B. Stilwell on June 29th for dividends on capital stock. The court also found that J. S. Stilwell was the owner of the proceeds of a personal check dated July 23, 1929, for $849.47. There was also a finding that appellant and J. S. Stilwell were each the owners of one-half interest in the diamonds belonging to said Carrie B. Stilwell. The case is here on appeal.

The appellant appeals from that part of the decree which gave the forty shares of capital stock, proceeds of the dividend check and the proceeds of the personal check to J. S. Stilwell. The appellee prosecutes a cross-appeal from that part of the decree which gave one-half interest in the diamonds to appellant.

The undisputed evidence shows that Carrie B. Stilwell, deceased, was the owner in her lifetime of the diamonds involved in this suit. Under act 149 of the Acts of 1925, if she owned the diamonds at the time of her death, one-half of them would go to J. S. Stilwell, her husband.

It is contended by the appellee, however, that the diamonds belonged to him; that this property was given to him by his wife before she died. He testified that she gave him the certificate of stock and the diamonds on April 4, 1929.

Appellant's first contention is that the testimony of Dr. Stilwell is incompetent under § 2 of the schedule of the Constitution. That section provides, among other things: "that in actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transactions with

or statements of the testator, intestate, or ward unless called to testify thereto by the opposite party.''

The testimony therefore of Dr. Stilwell, as to any transactions with or statements of the intestate, was incompetent.

Chancery cases are tried here, however, *de novo,* and we consider only such testimony as is competent. *Lasker-Morris Bank & Trust Co.* v. *Gans,* 132 Ark. 402, 200 S. W. 1029; *Newsom* v. *Reed,* 177 Ark. 177, 6 S. W. (2d) 10; *Harrell* v. *Southwest Mortgage Co.,* 180 Ark. 620, 22 S. W. (2d) 167.

There was therefore no competent testimony tending to show that Mrs. Stilwell had given her diamonds to her husband, and the court's finding that Dr. Stilwell was entitled to one-half of this property is correct.

It is also contended by the appellant that Mrs. Stilwell did not transfer the checks and certificate of capital stock to Dr. Stilwell, but that, if she did, she was mentally incompetent at the time of the transaction.

There is considerable conflict in the evidence on these questions, but the chancellor found that she made the transfers, and that she was at the time mentally competent to do so. Several witnesses testified on the question of Mrs. Stilwell's mental condition, but there was ample evidence to sustain the chancellor's finding that at the time she made the transfers of the stock and indorsed the checks, she had mental capacity to do so.

Mr. J. H. Deener testified that he had been connected with the People's Bank for 30 years, and that during that time he had served as cashier and is now vice-president; that he had had experience with signatures, and that in his opinion Mrs. Stilwell signed her name on the stock certificate introduced in evidence.

There was other evidence tending to show that the signature on the assignment of the stock certificate and on the checks was the signature of Mrs. Stilwell, and while there was conflict in this evidence, we do not think the chancellor's finding was against the preponderance of the evidence.

As we have said, this court tries chancery cases *de novo* upon appeal, and the findings of fact of the chancery court will not be disturbed unless they are clearly against the weight of the evidence. *Hale* v. *Hale*, 179 Ark. 763, 18 S. W. (2d) 341; *Lynn* v. *Quillen*, 178 Ark. 1150, 13 S. W. (2d) 624.

We think therefore that the evidence is sufficient to support the chancellor's finding as to the stock and checks.

It is next contended by the appellant that there is no evidence except Dr. Stilwell's that Mrs. Stilwell intended to deliver and did deliver the things mentioned as a gift. We think the fact that Mrs. Stilwell signed the stock certificate and the checks some months before her death, and that these instruments with her signature were presented to the bank, whose officials were familiar with her signature, and that her signatures were recognized and acted on by the bank, was sufficient evidence to justify the finding that they had been delivered to Dr. Stilwell.

In addition to this, the evidence shows that she had no children; that she and Dr. Stilwell had lived together for 40 years as man and wife; and it would be the natural thing for her to do to give this property to him.

The evidence being in conflict, we do not deem it necessary to set it out in detail, but we think it sufficient to say that the finding of the chancellor on the facts submitted to him was not against the preponderance of the evidence.

Appellee contends that the decree of the chancery court should be reversed and states that if the stock was a valid gift, it must follow that the gift of the diamonds was a valid gift because both grew out of the same transaction; the gift of the stock and diamonds being made at the same time. As we have already said, there is no evidence of the gift of the diamonds except the evidence of J. S. Stilwell, which was incompetent. Moreover, if this evidence had been competent, other witnesses testified that they had seen Mrs. Stilwell in possession of the diamonds after the time that Stilwell claimed that they had

been given to him, and the finding of fact on this issue is not against the preponderance of the testimony.

The decree of the chancery court is therefore affirmed, both on appeal and cross-appeal.