DENISON *v.* DENISON.

4-3436

Opinion delivered May 14, 1934.

*Chas. F. Cole* and *Jones & Wharton,* for appellant.
*Coleman & Reeder,* for appellee.

SMITH, J. Appellee filed suit for divorce against his wife in the Independence Chancery Court, alleging, as grounds therefor, that her treatment of him and her conduct towards him were such as to render his condition as her husband intolerable, and from a decree awarding him a divorce is this appeal.

Appellant filed a motion, in which she alleged that she had a good and valid defense to the suit, but that she was without funds to employ counsel to properly present it. She alleged that she and appellee were the parents of a six-year-old son, and she prayed that an allowance be made her with which to defend the suit, and for the support and maintenance of herself and the child during its pendency. Upon hearing this motion the court ordered appellee to pay $50 per month for the support of appellant and the child, and to pay her attorney $50 as a fee, and to pay $25 as court costs. Later an answer was filed,

which denied that either appellant or appellee were residents of this State, and the allegations of misconduct on appellant's part were specifically denied.

We think the residence of appellee was sufficiently shown to confer jurisdiction on the Independence Chancery Court to grant the divorce, as was done. Appellee was engaged in business as a general contractor, and moved about from the place of one contract to another, the performance of several of which required him to reside in a tent at his camp, where his wife lived with him. Appellee appears, in some contracts, to have been employed by his father, who was the principal contractor, and in other contracts to have been in partnership with his father and a brother, who was also interested in some of these contracts. The headquarters of the contracting firm appear to have been at Cushman, in this State, where the permanent records of the contracting firm were kept and where final settlements were made of the transactions growing out of the contracts, and to which place appellee returned at irregular intervals. He testified that Cushman was his home, and that he had no other, and had never acquired any other residence; that he had always paid his poll tax and had voted in that county, and had never voted elsewhere, and that it was in fact his home.

Upon the merits of the case, it may be said that the testimony is voluminous and conflicting, but, after carefully considering it, we are unable to say that the allegations of appellee's complaint are not supported by a preponderance of the testimony. No attempt was made to show that appellant was guilty of conduct involving moral turpitude. The testimony relates to the infirmity of her temper, which, according to appellee's testimony, was irascible and ungovernable.

It is argued that the more violent outbreaks were condoned, because the parties continued to cohabit as man and wife after their occurrence. But not so. One indignity might not—and usually would not—afford ground for divorce. It is the persistence of one spouse in a course of conduct which becomes intolerable to the

other of which the law takes cognizance and grants relief by way of divorce, and the doctrine of condonation has no application under the facts of this case. *Longinotti* v. *Longinotti*, 169 Ark. 1001, 277 S. W. 41.

The decree does not appear to be contrary to the preponderance of the evidence, and it is therefore affirmed.