RAY *v.* RAY.

4-4162

Opinion delivered April 27, 1936.

*H. J. Denton,* for appellant.

*Nat T. Dyer,* for appellee.

JOHNSON, C. J. Appellant and appellee were formerly husband and wife. On September 28, 1934, appellant instituted this proceeding against appellee in the Baxter Chancery Court, the object of which was to procure a decree of divorce, division of property, alimony and the custody of two minor children, together with their maintenance. By way of answer, appellee denied the material allegations of the complaint, and by cross-complaint sought a decree of divorce from appellant. The common alleged causes of action were that each spouse had suffered such indignities at the hands of the other as to render her or his condition in life intolerable.

Appellant and two of her children, issue of the marriage, Mrs. Pearl Wolf and Josephine Ray, testified in

detail as to the indignities suffered by appellant at the hands of appellee, extending over a period of years immediately prior to the separation. While on the other hand, appellee and one of the children, issue of the marriage, Mrs. Webber, not only denied the testimony adduced by appellant and her witnesses, but narrated in detail indignities offered by appellant toward appellee over a period of several years prior to the separation.

Particularly in respect to the general trend of the testimony offered by appellant as establishing her cause for divorce a letter was introduced which purports to have been written by appellee several years prior to their separation to a woman who resided in the State of Oklahoma. This letter is couched in the most endearing terms. Appellee emphatically denied authorship of this letter, and also adduced testimony which tended most strongly to show that it was written by appellant, or at least under her direction.

At the conclusion of all the testimony adduced by the parties, the chancellor entered a decree dismissing appellant's complaint for want of equity, granted a decree of divorce to appellee upon his cross-complaint, directing that each party retain the real and personal property theretofore had and possessed by each respectively— as to which more will be said hereinafter—awarded custody of one of the minor children to appellant and thereupon the other by choice accepted her as custodian and also awarded appellant $30 per month as permanent alimony, from which decree both parties appeal to this court.

Appellant first contends that a decree of divorce should have been awarded her on the testimony adduced, but if not, manifest error appears in the decree of divorce in favor of appellee. This contention rests upon the weight which should be accorded the testimony adduced. If the testimony adduced by appellant be given full credence and weight, it preponderates in her favor, but we are disinclined, as the chancellor was, to do this. It is apparent to us that appellant was the author of the defamatory letter which she introduced in testimony purporting

to have been written by appellee, and, holding this opinion as we do, the residue of her testimony must stand materially discredited. Likewise, the discredit just discussed has its preponderating influence in behalf of the decree of divorce in favor of appellee. A spouse who so forgets honesty and integrity as to manufacture testimony of the defamatory nature of the letter introduced by appellant manifests such hatred and malevolence as to warrant a court in finding that cohabitation in the future is impossible, and, when the allegations for divorce of the offended spouse are supplemented by testimony showing a course of conduct amounting to indignities, persistently pursued, which render life intolerable, will be sufficient to support a decree of divorce. *Welborn* v. *Welborn*, 189 Ark. 1063, 76 S. W. (2d) 98; *Griffin* v. *Griffin*, 166 Ark. 85, 265 S. W. 352.

Such is the state of this record, and the chancellor's finding of fact on the divorce branch of the case does not appear to be clearly against the preponderance of the testimony. *Greer* v. *Stillwell*, 184 Ark. 1102, 44 S. W. (2d) 1082; *Smith* v. *Thomas*, 185 Ark. 613, 48 S. W. (2d) 561; *Denison* v. *Denison*, 189 Ark. 239, 71 S. W. (2d) 1055.

Lastly, it is contended that the property division effected by the chancellor and the alimony award are erroneous. The testimony on this branch of the case reflects that appellee owns the following property: 120 acres of land situated in New Mexico, of the approximate value of $1,500; the home place, where appellant resides, of the approximate value of $2,000; 2 filling stations of the approximate value of $2,000; personal property of the estimated value of $4,000, but encumbered for approximately its intrinsic value. Appellee's income is admitted to be approximately $70 per month. The chancellor awarded to appellant the home place and to appellee the New Mexico property and the two filling stations, and further directed appellee to pay to appellant as alimony $30 per month until otherwise directed. Since appellant has been determined at fault in the wrecking of the matrimonial venture, she is entitled to no part of appellee's property as a matter of law, 9 R. C. L., p. 497, § 319;

§ 3511, Crawford & Moses' Digest, and her further assistance from appellee rests entirely within the discretion of the chancery court. *Pryor* v. *Pryor*, 88 Ark. 302, 114 S. W. 700; *Clyburn* v. *Clyburn*, 175 Ark. 330, 299 S. W. 38.

The title to the home place rested in appellant, and was not disturbed by the chancellor's decree; and, as we believe, this satisfied appellant's equities in respect to the properties owned by appellee.

The award of alimony to appellant was excessive under the facts and circumstances of this record. The court also erred in refusing to make an award for the maintenance of the two minor children who are in the custody of appellant. However, substantial justice has been done between parties in this respect. The chancellor should have directed $15 per month as alimony to appellant and $7.50 each to the minor children for maintenance.

The decree will be so modified and affirmed. It is so ordered.