RAY *v.* RAY.

4-7059                                    170 S. W. 2d 681

Opinion delivered May 3, 1943.

*H. J. Denton, Merle Shouse* and *J. Loyd Shouse,* for appellant.

*Ernie Wright,* for appellee.

McHANEY, J.  Appellee sued appellant for divorce in 1934. A divorce was granted on his cross-complaint

in April, 1935, and she was allowed $30 per month alimony. On appeal to this court, the decree of divorce was affirmed, but the alimony allowance was modified to allow her $15 per month and $7.50 per month each to two minor girl children of the parties. *Ray* v. *Ray*, 192 Ark. 660, 93 S. W. 2d 665. The two girls are now of age, one being married and living with her husband and the other living in California. On September 11, 1942, appellee filed her petition in the court below for a modification of the former allowance to her, alleging that the cost of living has greatly increased since that time, her inability to subsist thereon, it being her only source of income, and that appellant is better able to pay now than at the time of the former decree. Appellant denied that his financial ability to pay now was better than formerly and alleged that, if any change were to be made, the allowance should be reduced.

Trial resulted in a finding that appellant had been relieved of the monthly payments to one of his daughters and soon would be to the other, she not then, October 19, 1942, being of age; and that the minimum requirements of appellee, who is 63 years of age, has no other source of income and is in poor health, is $25 per month. A decree was entered accordingly.

The sole question presented by this appeal is one of fact, and that is: Are the facts sufficient to support the decree? In other words, is the decree in accordance with the preponderance of the evidence? We think it is, or at least we cannot say it is against the preponderance of the evidence. Appellant owns and operates three small stores, one in Mountain Home, another in Cotter, and another in Ellis. He owns the land on which the store building in Mountain Home is located, about 16 acres, and there was testimony of a disinterested witness that it, with the improvements, is now worth $7,000 or $8,000. The lot and store building in Cotter is valued by him at $1,500. He owns lands in New Mexico and two tracts at Ellis of uncertain value. His income is probably in excess of what it was in 1935 and 1936. He has been relieved of the payments to his daughters, and the amount

imposed on him by the decree here appealed from is less than the total amount required under the former decree. The chancery court is given the power by statute, § 4392, Pope's Digest, to make such alterations from time to time in alimony allowances as may be proper. In *Kurtz v. Kurtz*, 38 Ark. 119, it was held, to quote headnote 4, "Decrees for continuing alimony are always subject to the modification of the court upon a change of circumstances, upon the application of either party." See, also, *Pryor v. Pryor*, 88 Ark. 302, 114 S. W. 700, 129 Am. St. Rep. 102, and other cases cited under said section of the Digest.

We think the record reflects changed conditions which justified the court in modifying the former allowance, such as increased cost of living, the relief from the allowances to appellant's daughters, enhanced values in his properties and perhaps increased earnings. Appellee is in poor health, nearly 65 years of age and has no other income. It appears to us that his opposition to this small increase is wholly unjustified.

The decree is affirmed with costs to appellee, including a fee of $50 for her attorney in this court.