BRABHAM *v.* BRABHAM

5-3756                                    398 S. W. 2d 514

Opinion delivered January 31, 1966

James R. Hale, for appellant.

Putman, Davis & Bassett, for appellee.

OSRO COBB, Justice. This case reaches us on appeal from a decree of the Chancellor, pendente lite, awarding appellee $350 per month for the support of herself and child during the pendency of her action for divorce. Said allowance falls within the statutory authority of Ark. Stat. Ann. § 34-1210 (Repl. 1962). Appellate review of the decree providing such ad interim support is fully authorized. See Casteel v. Casteel, 38 Ark. 477; Glenn v. Glenn, 44 Ark. 46.

The appellant argues three grounds for reversal of the decree.

"(1) Appellee failed to prove a prima facie case for divorce.

(2) Voluntary resumption of and continued engagement in cohabitation constituted condonation of any alleged cruelty on the part of appellant.

(3) The amount awarded for temporary allowances was grossly excessive."

Appellee testified that appellant was employed with an annual salary of $15,000 per year. She also testified in detail as to needs of herself and child which totaled $360 per month. No witness appeared to refute or deny the testimony of appellee.

As to point one, we conclude that the evidence here clearly tends to establish a present cause of action for divorce. There is no occasion on this pendente lite appeal to detail such evidence. It is well settled that for the purposes of temporary allowances no corroborating testimony is necessary, and we find that the action of the Chancellor was fully warranted. See Slocum v. Slo-

*cum,* 86 Ark. 469; 111 S. W. 806; *Wood* v. *Wood,* 140 Ark. 361, 215 S. W. 681.

As to point two, we conclude that under the proof in this case the cohabitation that occurred during the misconduct of appellant and prior to separation of the parties is not an available defense to ad interim allowances under Ark. Stat. Ann. § 34-1210 (Repl. 1962). *Denison* v. *Denison,* 189 Ark. 239, 71 S. W. 2d 1055; *Bridwell* v. *Bridwell,* 217 Ark. 514, 231 S. W. 2d 117.

> ". . . (I)t is obviously a just rule that the patient endurance of continuous ill-treatment should never be allowed to weaken one's title to relief. The endurance of cruelty and indignities in the hope of better treatment has as much the character of probation as of condonation." 17 Am. Jur., Sec. 238, p. 422.

As to point three, we conclude, after considering the earnings of appellant and the evidence of appellee as to the cost of maintaining herself and child, that all of the allowances made by the Chancellor are within reasonable limits and should not be disturbed.

Having found no merit in any of the points relied upon by appellant, the action of the Chancellor is in all respects affirmed.