**Elsie N. WILSON, Appellant,**

v.

**J. B. WILSON, Appellee.**

Court of Appeals of Kentucky.

June 28, 1974.

Elsie Wilson and J. B. Wilson were married in Arkansas in 1950. They moved to Florida in 1952; and in 1970 J. B. Wilson accepted an appointment to teach at Western Kentucky University and moved his family to Bowling Green, Kentucky. In May 1971, according to Elsie Wilson, she and the four children left Kentucky for Arkansas with the intent to set up a home and a permanent residence in the state of Arkansas. In July, J. B. Wilson went to Arkansas and removed three of the children from there back to Kentucky. Elsie Wilson, the first week in August, came to Kentucky and took the three children to Arkansas. On August 7, 1971, J. B. Wilson filed a divorce action in Warren Circuit Court. On August 9, Elsie Wilson filed a divorce action in the Chancery Court of Green County, Arkansas, and on August 11 was by order granted the temporary care and custody of the four minor children. Personal service was obtained on J. B. Wilson in Arkansas on August 23; and, with both parties present and represented by counsel, an evidentiary hearing was held by the Arkansas court September 29. At the conclusion of the hearing, an order was entered granting Elsie Wilson temporary custody of the children, restraining and enjoining both parties from removing the four children from the state of Arkansas, and granting J. B. Wilson rights of visitation, with a provision ordering monthly maintenance and support for the children and Elsie Wilson until the entry of a final decree.[1]

In the divorce proceeding in Kentucky, in accordance with the complaint filed by J. B. Wilson, a warning order attorney was appointed to notify Elsie Wilson of the nature and pendency of the divorce action. The warning order attorney was first notified of his appointment on October 4 and thereupon notified Elsie Wilson of the pendency of the divorce action. On October 2, J. B. Wilson gave notice that

Stephen L. Hixson, Traylor & Hixson, Charles E. English, Harlin, Parker, Lucas & English, Bowling Green, for appellant.

G. D. Milliken, Jr., Milliken & Milliken, Bowling Green, for appellee.

STEPHENSON, Justice.

Elsie N. Wilson appeals from a judgment of the Warren Circuit Court granting J. B. Wilson a divorce and the custody of four minor children. We reverse.

---

1. This was an appealable order under the laws of Arkansas, Brabham v. Brabham, 240 Ark. 172, 398 S.W.2d 514, and no appeal was taken from the order.

his deposition would be taken October 8. Elsie Wilson entered her appearance specially to contest the jurisdiction of the Kentucky court. The trial court ruled that the Warren Circuit Court had jurisdiction and on November 15 entered a judgment granting J. B. Wilson a divorce and awarding the custody of the infant children to him.

The Arkansas court entered a final judgment on January 12, 1972, granting Elsie Wilson a divorce and the custody of the minor children.

We are not discussing the variety of arguments presented in the parties' briefs as to residence, "full faith and credit," and prior jurisdiction to entertain a suit for divorce.

We are of the opinion that the dispositive factor in the case is that J. B. Wilson was before the Arkansas court by personal service. At the hearing before the Arkansas court September 29, both parties were before the court, and the children were present in the state of Arkansas. Elsie Wilson entered her appearance specially to challenge the jurisdiction of the Kentucky court and was never before the court other than by constructive service.[2]

"The pendency of an action in the courts of one state or country is not a bar to the institution of another action between the same parties and for the same cause of action in a court of another state or country, nor is it the duty of the court in which the latter action is brought to stay the same pending a determination of the earlier action, even though the court in which the earlier action is brought has jurisdiction sufficient to dispose of the entire controversy. Nevertheless, sometimes stated as a matter of comity, not of right, it is usual for the court in which the later action is brought to stay proceedings under such circumstances until the earlier action is determined, see Vol. 1 C.J.S. Actions § 133c(6), and upon the same principle a court of one state may refuse to entertain jurisdiction where an action between the same parties involving the same controversy and subject matter is pending in a court of another state, and while this rule is based on comity it is also a rule of necessity. The court of one jurisdiction cannot presume that a court of another is incompetent to do justice in cases within its jurisdiction. *Where, however, the court in which an action was first instituted obtained no jurisdiction of defendant, a suit by the latter dealing with the same subject matter could be entertained by the courts of another state obtaining jurisdiction of the parties.*" [Emphasis added] 21 C.J.S. Courts § 548. See May v. Anderson, 345 U.S. 528, 73 S. Ct. 840, 97 L.Ed. 1221, which holds that a court of a state where a mother is neither domiciled, resident, nor present cannot cut off her right to the care and custody of her minor children without having jurisdiction over her *in personam*. See also Restatement of the Law, Second, Conflicts of Law, § 79, commenting on the three concurrent bases of jurisdiction for custody of children, which are, domicile of the child in the state; presence of the child in the state; and personal jurisdiction over the contending parties.

The Arkansas court was in better position to fully adjudicate all the issues presented by the parties, and the Warren Circuit Court should have yielded to the proceeding in Arkansas as a matter of comity.

The judgment is affirmed insofar as it grants a divorce to J. B. Wilson; in all other respects, the judgment is reversed with directions to enter a judgment in conformity with this opinion.

All concur.

---

2. This action was instituted prior to the enactment of KRS 403.260 pertaining to jurisdiction in child custody proceedings.