BROOKS ERECTION CO., Movant,

v.

WILLIAM R. MONTGOMERY & ASSOCIATES, INC., Respondent.

Court of Appeals of Kentucky.

Jan. 12, 1979.

Ronald G. Sheffer, King, Deep & Branaman, Henderson, Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, Mo., for movant.

Warren B. Miller, Dixon, Frank L. Pellegrini, William T. Weidle, Jr., St. Louis, Mo., for respondent.

## OPINION AND ORDER

Before GANT, HOWERTON and REYNOLDS, JJ.

GANT, Judge.

This action was a motion pursuant to CR 65.07 to dissolve a temporary injunction in which the sole question is whether the courts of Kentucky are required to abate an action filed in this state for the reason that a similar action has been filed in another state prior to the commencement of the action in Kentucky which involves the same parties and the same subject matter.

The facts disclose that the respondent, William R. Montgomery & Associates, Inc., and movant, Brooks Erection Co., occupied the relationship of contractor and subcontractor (they were actually a subcontractor and his subcontractor but the former is more simple and definitive). They are both Missouri corporations and the contract was entered into in Missouri. The contract was to be performed in Webster County, Kentucky, and it is admitted in this appeal that Missouri and Kentucky had concurrent jurisdiction.

On November 9, 1978, the contractor notified the subcontractor that pursuant to the contract it had elected to declare default and take over the job on the grounds of nonperformance. On November 11, the subcontractor obtained a restraining order in the St. Louis County (Missouri) Circuit Court prohibiting this action by the contractor, the latter subsequently filing an application for a writ of prohibition and a motion for a stop order in the Missouri Court of Appeals. The writ of prohibition was denied and the same application and motion were filed in the Missouri Supreme Court on November 15, 1978. That court issued a stop order directing the circuit court to take no action during consideration of the application for the writ of prohibition. While this stop order was in effect, the contractor filed action for and received a temporary restraining order prohibiting the subcontractor from work on the project, this action being in the Webster County (Kentucky) Circuit Court. On November 20, after a full hearing on a motion to dissolve the temporary restraining order filed by the subcontractor and a motion by the contractor for a temporary injunction, which hear-

ing was on the merits with both sides presenting proof, the motion to dissolve was denied and the temporary injunction was granted prohibiting the subcontractor from working under the contract. In this action in the Webster Circuit Court, the subcontractor asked the court to abate the Kentucky proceedings on the grounds of the former action in Missouri, which motion was denied by the Kentucky court. The temporary injunction was entered November 21, 1978, and on the same date the Supreme Court of Missouri withdrew its stop order and denied the writ of prohibition. On December 1, 1978, the St. Louis County Circuit Court again issued a temporary restraining order against the contractor and the subcontractor filed this motion to dissolve the temporary injunction of the Webster Circuit Court pursuant to CR 65.-07. The contractor applied for a second writ of prohibition against the Missouri Circuit Court order and was granted a stop order by the Missouri Supreme Court the day after oral arguments on the motion of the subcontractor were heard before this Court.

■ We think that the law is well settled that a second action based on the same cause will generally be abated where there is a prior action pending in a court of competent jurisdiction *within the same state,* between the same parties, involving the same or substantially the same subject matter and cause of action, and in which prior action the rights of the parties may be determined and adjudged. This principle has been clearly enunciated in *Delaney v. Alcorn,* 301 Ky. 802, 193 S.W.2d 404 (1946), and in *Akers v. Stevenson,* Ky., 469 S.W.2d 704 (1970).

■ However, a different problem arises when the prior action is pending in another state. The law in this instance is best set out in an annotation contained in 19 A.L. R.2d 305, in which we find the following statement:

This principle, however, does not hold true in the case of a pending action in another jurisdiction, it being uniformly held that the pendency of another action in another jurisdiction, though between the same parties and upon the same cause of action as the one subsequently instituted at the forum, is not a bar or ground for abatement of the later action at the forum. This is true even though a foreign court in which the prior action was commenced had complete jurisdiction of the parties and of the action.

Also in 21 C.J.S. *Courts* § 548, cited with approval in *Wilson v. Wilson,* Ky., 511 S.W.2d 201 (1974), we find the following:

The pendency of an action in the courts of one state or country is not a bar to the institution of another action between the same parties and for the same cause of action in a court of another state or country, nor is it the duty of the court in which the latter action is brought to stay the same pending a determination of the earlier action, even though the court in which the earlier action is brought has jurisdiction sufficient to dispose of the entire controversy. Nevertheless, sometimes stated as a matter of comity, not of right, it is usual for the court in which the later action is brought to stay proceedings under such circumstances until the earlier action is determined . . .

■ Thus, we find that the general law, as hereinabove stated, is that there is no duty upon the court to grant a plea of abatement where a prior action has been filed in another state but that it is discretionary only. This principle has been set out in the cases of *Salmon v. Wootton,* 39 Ky. Reports (9 Dana) 422 (1840), and *Davis v. Morton, Galt & Co.,* 67 Ky. Reports (4 Bush) 442 (1868).

It is clear that the Missouri action had not reached the stage at which res judicata would apply and therefore require full faith and credit. Even had this been a temporary injunction, it would not be a final adjudication on the merits of the case. *See Oscar Ewing, Inc. v. Melton,* Ky., 309 S.W.2d 760 (1958).

■ The Webster Circuit Court having exercised its discretion in denying the plea of abatement in behalf of the movant, hav-

ing jurisdiction over the parties and the subject matter, and having held a hearing on the merits of this case at which all parties were permitted to introduce evidence, the Kentucky court having been a convenient forum in which the factual determination might properly be made and records were available and the court being sufficiently advised, it is ORDERED that the motion to dissolve the temporary injunction under CR 65.07 be and the same is hereby DENIED.

All concur.